IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-20060-7-JAR |
| ETENIA KINARD, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Etenia Kinard's Motion for Clarification (Doc. 794), asking the Court to clarify the scope of her restitution payment obligations under the Court's November 5, 2025 Amended Memorandum and Order on restitution.[1] The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the language of the Court's Memorandum and Order is clear that restitution is due immediately, with a back-up schedule of minimum payments if the balance cannot be immediately paid. Thus, the Court denies Defendant's motion for clarification.

**I.    Background**

This Court issued a 46-page Amended Memorandum and Order on November 5, 2025, addressing Defendants' many objections and arguments relating to the Government's request for restitution under both the Trafficking Victims Protection Reauthorization Act ("TVPRA") and a discretionary award of restitution under the Victim and Witness Protection Act ("VWPA"). After considering these arguments, the Court ordered as follows:

> [J]oint and several restitution is ordered against Defendants
> Majeed, Rassoull, Hadley, Jenkins, Kinard, and Greenwell in the

---
[1] Doc. 741 (filed under seal).

> amount of $1,312,687 under 18 U.S.C. § 3663, and against Majeed under 18 U.S.C. § 1593. An additional amount of mandatory restitution is ordered under 18 U.S.C. § 1593 against Defendant Majeed in the amount of $198,506, to the five victims identified in substantive counts of conviction. Majeed's payments shall be credited first to the liquidated damages award. Restitution is due immediately and payments shall be satisfied in accordance with the payment schedule set forth above.[2]

In accordance with this directive, the Court entered an Amended Judgment as to each Defendant to include the restitution amounts, which are provided on a standard checkbox form.[3] On the Schedule of Payments portion of Kinard's form, the Court marked the box for "B," "Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below)."[4] The Court also marked the box for "C," "Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period of 3 years to commence 30 days after the date of this judgment."[5] The box for "F" was checked to reflect that special instructions applied because the restitution amount was joint and several with five of the co-defendants.[6] Prior to these options, the Judgment states:

> Criminal monetary penalties are due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows, but this schedule in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if the defendant is in full compliance with the payment schedule . . . .[7]

---

[2] Doc. 741 at 46.

[3] Doc. 750.

[4] *Id.* at 6.

[5] *Id.*

[6] *Id.*

[7] *Id.*

2

## II. Discussion

Kinard asks the Court to clarify whether it intended to order that payment of the balance of the joint and several restitution award be paid immediately, or, rather, whether it intended to require her to only make the installment payments of not less than 5% of her monthly gross household income. The Court finds no ambiguity in its Order and no need for clarification. Both the Amended Memorandum and Order and the Judgment make clear that payment is due immediately, with minimum monthly installments of not less than 5% of Defendant's income required for the three-year period of probation that the Court imposed on this Defendant. In finding this minimum payment schedule appropriate, the Court found that Defendant "has a significant net worth and a positive monthly cash flow. She is 50 years' old and is employed as a nurse liaison. She does not have any financial obligations to dependents, and the Court can project that she has many more working years ahead of her."[8]

Defendant argues that the Court's directives that payment is due immediately and that she pay in installments are inconsistent, relying primarily on the Tenth Circuit's decision in *United States v. Martinez*.[9] In that case, the Tenth Circuit determined that a restitution order that does not make the full restitution award due immediately precludes the Government from enforcing the total amount against the defendant.[10] The court interpreted the district court's restitution order based on its oral pronouncement at the restitution hearing and its written judgment, which only required the defendant to make monthly installment payments of 25% of his net disposable income.[11] Because the district court did not make payment of the full restitution award due

---

[8] Doc. 741 at 45.

[9] 812 F.3d 1200 (10th Cir. 2015).

[10] *Id.* at 1204.

[11] *Id.*

immediately, the Government could not enforce the full amount of the award so long as the defendant complied with the installment payments.[12] The Tenth Circuit also rejected the Government's argument in *Martinez* that it could enforce the full amount of the restitution order even without a directive by the district court under the statutory framework.[13]

This case is distinguishable. Unlike in *Martinez*, this Court made clear that payment of the full restitution amount is due immediately. The Court did not orally rule on this issue. And the Court explicitly stated in the mandate language of its November 5 Amended Memorandum and Order that payment was due immediately.[14]

In 2018, the Tenth Circuit considered a restitution order similar to this one in *United States v. Williams*.[15] There, the district court interpreted its restitution order consistently with the Order and Judgment in this case: the schedule of payments is "a back-up schedule for the payment of whatever amounts are not paid in accordance with" the provision for immediate payment of the total sum of restitution.[16] The Tenth Circuit held that this scenario is different than *Martinez*:

> Garnishment is improper where the government is seeking payment of an amount that is not currently due. In *United States v. Martinez*, for instance, we held that the government could not garnish a defendant's retirement accounts to "enforce payments that are not yet due under [the defendant's] court-ordered payment schedule." But the reason the payments were not yet due in that case is that the district court had *expressly declined* to make the total amount of restitution due in full immediately, but had instead only required "$300 immediately," with the "balance due" in

---

[12] *Id.*

[13] *Id.* at 1205.

[14] In fact, the only amendment to the November 4, 2025 Nunc Pro Tunc Order was the addition of this language, in order to remove any doubt about whether the Court's Judgment was consistent with the Memorandum and Order. *See* Doc. 740.

[15] 898 F.3d 1052 (10th Cir. 2018).

[16] *Id.* at 1055.

4

> accordance with the schedule of payments. Courts have almost uniformly recognized a "crucial distinction" between cases like *Martinez*, in which the court orders the defendant to pay only through a payment schedule with no requirement of immediate payment in full, and cases like *Behrens* and *Shusterman*, in which the judgment specifies that the amount owed is due in full on the date of judgment, regardless of whether the judgment includes a back-up schedule of payments to cover any unpaid amounts. Defendant's "debt is payable in full now, as [he] agreed."[17]

As in *Williams*, this Court ordered that payment of the full restitution amount is immediately due, with a back-up schedule of payments for a period of three years for whatever is not paid immediately. Thus, the Court finds no need for further clarification.[18]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Etenia Kinard's Motion for Clarification (Doc. 794) is **denied**.

**IT IS SO ORDERED.**

Dated: January 7, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[17] *Id.* (emphasis added) (alteration in original) (first quoting *Martinez*, 812 F.3d at 1201; then quoting *Martinez*, 812 F.3d at 1203–04; and then quoting *United States v. Fariduddin*, 469 F.3d 1111, 1113 (7th Cir. 2006)); *see also United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016); *United States v. Shusterman*, 331 F. App'x 994, 996–97 (3d Cir. 2009).

[18] *See United States v. Fitzgerald*, No. 14-20042-JWL, 2024 WL 706426, at *3 (D. Kan. Feb. 21, 2024) ("Without question, no conflict exists between the sentencing judge's oral pronouncement of sentence and the written judgment. And because both provide that restitution is due immediately, the government is authorized to seek garnishment of defendant's eligible assets despite additional language concerning a payment schedule."); *United States v. Obaid*, No. 15-20040-01-JWL, 2022 WL 3715674, at *2 (D. Kan. Aug. 29, 2022) ("The court also rejects defendant's argument that the payment plan somehow limits the government's ability to garnish defendant's wages. In fact, the judgment in this case expressly states that restitution is 'due immediately,' and that the schedule set forth in the judgment (monthly payments of 'not less than' 5 percent of the defendant's monthly gross income) 'in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if defendant is in full compliance with the payment schedule.'").